UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X 11 Civ. 666 (NGG) (ALC)
DONOVAN DALLISON,
                Plaintiff,

                                                AMENDED COMPLAINT

   -against-

                                                JURY DEMAND

THE CITY OF NEW YORK, POLICE OFFICER TREVOR
BARTON (Shield # 19832), POLICE OFFICER JAMES
ARGILA (Shield # 15383), POLICE OFFICER
CHRISTOPHER MANDERS (Shield # 22733) and
SERGEANT NATHAN MOLE (Shield # 4654),
                Defendants.
------------------------------------------------------------------------X

Plaintiff DONOVAN DALLISON (hereinafter "plaintiff"), by his attorney(s), THE LAW OFFICES OF WALE MOSAKU, P.C., complaining of the defendants, THE CITY OF NEW YORK, POLICE OFFICER TREVOR BARTON (Shield # 19832), POLICE OFFICER JAMES ARGILA (Shield # 15383), POLICE OFFICER CHRISTOPHER MANDERS (Shield # 22733) and SERGEANT NATHAN MOLE (Shield # 4654) (collectively referred to as the Defendants), upon information and belief, alleges as follows:

<u>NATURE OF THE ACTION</u>

1.     This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §§ 1982, 1983 and 1985, [and arising under the law and statutes of the State of New York].

<u>JURISDICTION</u>

2.     The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity

        secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States. Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

4. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT

5. All conditions precedent to the filing of this action have been complied with. On November 1, 2010, within ninety days after the claims alleged in this complaint arose, a written notice of claim, sworn to by the plaintiff, was served upon the defendant City of New York, by personal delivery of the notice in duplicate, to the person designated by law as one to whom a summons issued against such party may be delivered in an action in the applicable Courts. Plaintiff's claim was assigned the Claim No. 10PI040243.

6. At least thirty days have elapsed since the service of the above-mentioned notice of claim, and adjustment or payment of the claim has been neglected and/or refused.

7. This action, pursuant to New York State and City Law, has been commenced within one year after the happening of the event upon which the claim is based.

THE PARTIES

8. Plaintiff is a resident of the County of Kings, City and State of New York. Plaintiff is a black male of full age.

9. At all relevant times, POLICE OFFICER TREVOR BARTON (Shield # 19832), POLICE OFFICER JAMES ARGILA (Shield # 15383), POLICE OFFICER CHRISTOPHER MANDERS (Shield # 22733) and SERGEANT NATHAN MOLE (Shield # 4654) (hereinafter "defendant officers") were, and upon information and belief, still are, law enforcement officers employed by the Police Department of the City of New York.

10. At all times herein, defendant officers were employed as law enforcement officers of the City of New York, State of New York, and was acting under the color of their official capacity and their acts as alleged herein, were performed under color of the statutes and ordinances of the City of New York and/or the State of New York. Defendant officers were the servants, agents, and employees of their co-defendant, the City of New York, so that their acts are imputed to the City of New York and its Police Department.

11. At all relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was/is the employer of the defendant officers, through its Police Department, namely New York City Police Department, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

12. Plaintiff sues all defendants in their individual and official capacities.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13. On or about September 17, 2010, at approximately 09:00 p.m., on Georgia Avenue, between Blake Avenue and Sutter Avenue, the plaintiff was falsely arrested without probable cause by defendant officers.

14. At the above-referenced place and time, the plaintiff was on his way to a corner store that is located at the corner of Sutter Avenue. The plaintiff had stopped to speak to a cousin, who was resident at 340 Georgia Avenue, on the second floor. As the plaintiff was speaking with his cousin, he was approached by the defendant officers, who asked if he lived there. The plaintiff replied that he did not. At that point one of the defendant officers asked the plaintiff if he had any form of identification. The plaintiff replied that he did, and was attempting to reach into his pockets in order to retrieve same, when one of the defendant officers told him to keep his hands out of his pockets. Said officer told the plaintiff that another officer will search the plaintiff's pockets. The plaintiff told the officer that he did not think it proper that an officer search his pockets, as he had done nothing wrong. The defendant officers then surrounded the plaintiff, while one of them shoved him against a fence/gate, while another one forcibly attempted to search his pockets. At this point the plaintiff attempted to walk away from the harassing behavior that he was being subjected to for no reason. As he attempted to walk away, he was grabbed and slammed to the ground by the defendant officers. Whilst on the ground he was punched and kicked in the body, face and head, causing lacerations to his right elbow. The defendant officers also twisted his left arm behind his back quite violently, and also twisted his right leg quite violently, causing pain and suffering. The defendant officers then placed the plaintiff in handcuffs, applying the handcuffs so tightly as to cause lacerations to the plaintiff's left wrist. Once handcuffed, the defendant officers maliciously removed the plaintiff's footwear, and compelled him to sit on the side-walk, in full display to passers-by.

15. The plaintiff was then taken to a police precinct located at Broadway Junction, where he was fingerprinted and photographed.

16. The plaintiff was subsequently taken to central booking, situated within the New York City Criminal Courthouse located at 120 Schermerhorn Street, Brooklyn, New York 11201, at approximately 03:00 a.m. on September 18, 2010, where he was processed again.

17. At approximately 01:00 p.m. on September 18, 2010, the plaintiff was released from central booking without being arraigned before a judge, after being informed that the Kings County District Attorney's office had declined to prosecute him.

18. The Kings County District Attorney's office declined to prosecute the plaintiff on the basis that there was "*insufficient evidence of any criminal activity on the part of the defendant* (plaintiff) *prior to A/O* (defendant officers) *approaching defendant* (plaintiff) *and stopping defendant* (plaintiff)".

19. The plaintiff's arrest number was "K10689364". The "CC" number was "64415577R".

## CAUSE(S) OF ACTION: FALSE ARREST AND FALSE IMPRISONMENT UNDER 42 U.S.C § 1983/NEW YORK STATE LAW

20. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 19 of this complaint as though fully set forth herein.

21. The above-described respective arrest, detention and imprisonment of the plaintiff were without just or probable cause and without any warrant or legal process directing or authorizing the plaintiff's arrest or subsequent detention.

22. As a result of the plaintiff's above-described false arrest and imprisonment, he has been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know him, was prevented from attending to his necessary affairs, and has been otherwise damaged in his character and reputation.

23. Consequently, the plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

24. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

### CAUSE OF ACTION: EXCESSIVE FORCE UNDER 42 U.S.C § 1983

25. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 24 of this complaint as though fully set forth herein.

26. The level of force employed by the defendant officers was objectively unreasonable and in violation of the plaintiff's constitutional rights.

27. As a result of the aforementioned conduct of the defendants, the deceased was subjected to excessive force, resulting in physical injuries, and permanent disfigurement.

### CAUSE OF ACTION: UNLAWFUL SEARCH UNDER 42 U.S.C § 1983/NEW YORK STATE LAW

28. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 27 of this complaint as though fully set forth herein.

29. Following the plaintiff's arrest, the defendant officers searched and/or subsequently strip-searched and/or caused the plaintiff to be strip-searched, without any individualized reasonable suspicion that he was concealing weapons or contraband.

30. As a result of the foregoing, the plaintiff was subjected to illegal and improper searches and/or strip searches.

31. The foregoing unlawful searches and/or strip searches violated the plaintiff's constitutional right to privacy, as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

32. As a consequence of said defendant officers actions, the plaintiff suffered humiliation, mental anguish, depression, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against each of the defendants, individually and severally.

## CAUSE OF ACTION: FAILURE TO INTERVENE/INTERCEDE UNDER 42 U.S.C § 1983

33. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 32 of this complaint as though fully set forth herein.

34. Each and every individual defendant officer had an affirmative duty to intervene on the plaintiff's behalf to prevent the violation to his constitutional rights, as more fully set forth above.

35. The individual defendant officers failed to intervene on the plaintiff's behalf to prevent the violation of his constitutional rights, despite having had a realistic and reasonable opportunity to do so.

36. As a consequence of said defendant officers' actions, the plaintiff suffered loss of liberty, humiliation, mental anguish, depression, and the plaintiff's constitutional rights were violated. The plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against each of the defendants, individually and severally.

## CAUSE OF ACTION: DENIAL OF A CONSTITUTIONAL RIGHT TO A FAIR TRIAL UNDER 42 U.S.C § 1983 DUE TO THE FABRICATION OF EVIDENCE

37. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 36 of this complaint as though fully set forth herein.

38. The defendant officers falsely claimed to the Kings County District Attorney that they recovered three ziplock bags of marihuana from

the person of the plaintiff. That was a blatant falsehood. The defendant officers recovered no such contraband from the person of the plaintiff.

39. As such, the individual defendants created false evidence against the plaintiff.

40. The individual defendants forwarded false evidence and false information concerning the plaintiff to the prosecutors in the Kings County District Attorney's office.

41. The individual defendants provided false testimony throughout the criminal proceedings.

42. By creating false evidence against the plaintiff; forwarding false evidence and information to the prosecutors; and by providing false and misleading testimony throughout the criminal proceedings, the defendants violated the plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

43. As a consequence of said defendants' actions, the plaintiff suffered loss of liberty, humiliation, mental anguish, depression, and the plaintiff's constitutional rights were violated. The plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against each of the defendants, individually and severally.

CAUSE OF ACTION: MUNICIPAL LIABILITY UNDER 42 U.S.C § 1983

44. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 43 of this complaint as though fully set forth herein.

45. The acts complained of were carried out by the individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

46. The defendant officers acted under color of law, in their official capacity, and their acts were performed pursuant to the customs,

policies, usages, practices, procedures and rules of the City of New York and its police department.

47. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and its police department include, but are not limited to the following unconstitutional practices:

a. Wrongfully arresting individuals on the pretext that they are/were involved in illegal acts;

b. manufacturing evidence against individuals allegedly involved in illegal acts; and

c. arresting innocent persons in order to meet "productivity" goals (i.e. arrest quotas).

48. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the numerous civil rights actions filed against the City of New York in the state and federal courts.

49. The existence of the aforesaid unconstitutional customs and policies may also be inferred from the admission by Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that commanders are permitted to set "productivity goals".

50. Furthermore, the existence of the aforesaid unconstitutional customs and policies may also be inferred from the ruling (Docket entry 32) of the Court, in the case(s) of <u>Jose Colon v. City of New York</u>, et al (09-cv-8) and <u>Maximo Colon v. City of New York</u>, et al (09-cv-9), wherein the Court stated, *inter alia*, that "*Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting officers of the New York City Police Department*", and that "*there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving the illegal conduct of the kind now charged*".

51. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York, constituted a deliberate indifference to the safety, well-being and constitutional rights of all defendants, including but not limited to the plaintiffs; were the proximate cause of, and moving force behind, the constitutional violations suffered by the plaintiffs as alleged herein, and deprived plaintiffs of the following rights, privileges and immunities secured to him/her by the Constitution of the United States:

(a) The right of the plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States.

(b) The right of the plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured to him by the Fifth and Fourteenth Amendments to the Constitution of the United States.

(c) The right to be free from unreasonable detention and/or continued detention without probable cause in that the plaintiff was detained and subsequently prosecuted.

52. As a result of the actions of the defendants, the plaintiff was deprived of his rights, privileges, and immunities secured by the United States Constitution, in particular, the Fourth, Fifth, and Fourteenth Amendments, in contravention of 42 USC §1983 and the laws of New York State, without just or legal cause when defendant City, by its employees and/or agents unlawfully arrested and imprisoned said plaintiff thereby depriving said plaintiff of his liberty without due process of law.

53. The defendant officers were the actual agents of the defendant City of New York and were following the customs, practices, ordinances and/or regulations of the City of New York when they violated said plaintiffs constitutional and civil rights, and the City of New York is

therefore responsible for their acts, and liable to the plaintiff for the damages he suffered.

54. The actual principal/agent relationship between the City and the defendant officers was created by the fact they were employees of defendant City, and the City had the right to, and it did indeed regulate and control the activities and conduct of the defendant officers.

55. The defendants' actions were vicious, wicked, cold-hearted, intentional, malicious, unwarranted and in violation of the law. The individual defendants had full knowledge that the charges made before the Court against the plaintiffs were false and untrue.

CAUSE OF ACTION AGAINST ALL DEFENDANTS: ASSAULT AND BATTERY

56. Plaintiff repeats and realleges paragraphs 1 through 55 as if each paragraph is repeated verbatim herein.

57. At the time of the plaintiff's arrest by defendant police officers, he plaintiff did not challenge nor resist defendant police officers, nor engage in any threatening behavior towards said defendant police officers.

58. However, defendant officers assaulted the plaintiff, battered the plaintiff, and subjected the plaintiff to excessive force and summary punishment.

59. Defendant police officers were at all material times acting within the scope, of their employment.

60. Consequently, the plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

61. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

62. This action, upon information and belief, falls within one or more of the exceptions of CPLR 1602.

CAUSE OF ACTION AGAINST ALL DEFENDANTS: NEGLIGENCE

63. Plaintiff repeats and realleges paragraphs 1 through 62 as if each paragraph is repeated verbatim herein.

64. As a direct and proximate result of the negligent acts of the defendants as set forth herein, the plaintiff suffered physical injury, conscious pain and suffering, medical expenses, and mental anguish.

65. That by reason of the said negligence, the plaintiff suffered and still suffers bodily injuries, became sick, sore, lame and disabled and has remained sick, sore, lame and disabled since the aforesaid incident; has suffered great pain, agony and mental anguish and is informed and verily believes that he will continue to suffer for a long time to come and that said injuries are permanent; has suffered economic loss inasmuch as he was forced to, and is still forced to expend sums of money on medical treatment; that he was deprived of his pursuits and interests and verily believes that in the future he will continue to be deprived of such pursuits; and that said injuries are permanent.

66. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

67. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

WHEREFORE, the plaintiff respectfully prays for judgment as follows:

1. For compensatory damages against each and all defendants in an amount to be proven at trial;

2. For exemplary and punitive damages against each and all defendants in an amount to be proven at trial;

3. For costs of suit herein, including the plaintiff's reasonable attorney's fees; and;

4. For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, the plaintiff demands a trial by jury.

Dated: Brooklyn, New York
May 20, 2011

LAW OFFICES OF WALE MOSAKU, P.C.

By:         /s/

Wale Mosaku (AM 5872)
Attorney(s) for the Plaintiff
25 Bond Street, 3rd Floor
Brooklyn, N.Y. 11201
(718) 243-0994

Erica Haber, Esq. (VIA ECF)
Assistant Corporation Counsel
City of New York Law Department
Attorney(s) for Defendant
CITY OF NEW YORK
100 Church Street
New York, N.Y. 10007
(212) 788-1357

POLICE OFFICER TREVOR BARTON (Shield # 19832)
Defendant Pro Se
75th Police Precinct
1000 Sutter Avenue
Brooklyn, New York 11208

POLICE OFFICER JAMES ARGILA (Shield # 15383)
Defendant Pro Se
Patrol Borough Brooklyn North
179 Wilson Avenue
Brooklyn, New York 11237

POLICE OFFICER CHRISTOPHER MANDERS (Shield # 22733)
Defendant Pro Se
78th Police Precinct
65 Sixth Avenue
Brooklyn, New York 11217

SERGEANT NATHAN MOLE (Shield # 4654)
Defendant Pro Se
Patrol Borough Brooklyn North

179 Wilson Avenue
Brooklyn, New York 11237